Motion for Rehearing Granted; Reversed and Rendered in Part; Affirmed in
Part; Opinion of December 13, 2005, Withdrawn and Majority and
Concurring/Dissenting Opinions On Rehearing filed August 10, 2006








 

Motion
for Rehearing Granted; Reversed and Rendered in Part; Affirmed in Part; Opinion
of December 13, 2005, Withdrawn and Majority and Concurring/Dissenting Opinions
On Rehearing filed August 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01031-CV

____________

 

IN THE
INTEREST OF J.A.J.

 



 

On Appeal from the
314th District Court

Harris County, Texas

Trial Court Cause No.
03-08998J

 



 

C O N C U R R I N G   A N D   D I S
S E N T I N G   O P I N I O N  

O N   R E H E A R I N G

 

I
respectfully concur in part, and dissent in part.

In my
opinion, the proper remedy would be to reverse the judgment as to both the
mother and the unknown father, and to remand to the trial court for further
proceedings consistent with our opinion.








It
appears that the only reason the unknown father was made a party to this suit
was to facilitate an adoption of the child in the event the mother=s parental rights would be 
terminated. The ADecree for Termination@ states that the identity and
location of J.A.J.=s father are unknown, and that he Areceived process in this cause by
substituted service but did not otherwise answer or appear.@ Of course, the unkown father did not
appeal the termination of his parental rights.  

In my
opinion, we should follow the reasoning of the Court in Swinney v. Mosher,
830 S.W.2d 187, 197 (Tex. App.CForth Worth 1992, writ denied):

[T]he
subject child=s natural father [ ] did not appeal the judgment terminating
his parental rights.  As a general rule, when one party appeals from a
judgment, a reversal on her behalf will not justify a reversal as to other
nonappealing parties.  This rule does not, however, apply where the respective
rights of the appealing and nonappealing parties are so interwoven and
dependent on each other as to require a reversal of the entire judgment.  Turner,
Collie & Braden v. Brookhollow, Inc., 642 S.W. 2d 160, 166 (Tex.
1982).  In such a case, the court must reverse the entire judgment in order to
provide the appellant with the full and effective relief.  Id.

 

[The
natural father=s] termination was done to facilitate [the child=s] adoption by the [proposed adoptive parents]. 
Because we find that . . . there was no evidence or alternatively insufficient
evidence for involuntary termination [of the natural mother=s parental rights], the adoption . . . will not
proceed.  Thus, [the natural father=s]
termination is neither necessary nor desirable.  And further, his termination
would prejudice the rights of [the child and mother] to receive support. [The
mother=s and father=s] 
parental rights in reference to [the child] and [the child=s] best interests are so interwoven and dependent on
each other as to require a reversal of the entire judgment.  In order to
provide full and effective relief and for the best interest of the child, we
reverse the trial court=s judgment terminating [the non-appealing father=s] parental rights.[1]

 








In the
present case, I would reverse the judgment terminating the parental rights of
appellant and the unknown father as to J.A.J., and I would remand the case to
the trial court.

 

 

 

/s/        Margaret Garner Mirabal

Senior Justice

 

 

Judgment Reversed in Part and
Rendered in Part and Majority and Concurring and Dissenting Opinions filed
August 10, 2006

Panel Consists of Justices Yates,
Hudson and Senior Justice Mirabal* (Hudson, J. majority)

*Senior Justice Margaret Garner
Mirabal sitting by assignment.









[1]  I note that, even though the identity and location
of J.A.J.=s father is currently unknown, that does not mean his
identity and location will always be unknown.  There is no good reason to
terminate his parental rights at this time, and such an action could prejudice
J.A.J.=s rights if his father is identified in the future.